# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PATRICIA GORDON, *as Executrix of* )
*the Estate of Louise R. Freeman*, )
                                )
              Plaintiff,      )
v.                               )   Case No. CV410-228
                                )
MORTGAGE ELECTRONIC       )
REGISTRATION SYSTEMS, INC.,  )
as Nominee for HSBC Bank, USA, )
National Association as Trustee, by )
Litton Loan Servicing, LP, and LITTON )
LOAN SERVICING LP,            )
                                )
              Defendants.     )

## ORDER

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Litton Loan Servicing, LP ("defendants") move to stay discovery and pretrial deadlines pending resolution of their motion to dismiss in this home foreclosure case. (Doc. 15.) Plaintiff opposes the stay, asserting that the certain discovery is necessary and that the motion to dismiss is unlikely to succeed. (Doc. 20.)

A brief review of defendants' motion to dismiss (doc. 5) reflects that it has some heft to it. *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at *2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted"). According to defendants, certain bankruptcy

judgments may have a preclusive effect upon some of plaintiff's allegations. (Doc. 5-1 at 4-22.) However, the total dismissal defendants seek seems unlikely. None of the earlier rulings directly determined whether defendants were legally empowered to judicially foreclose upon the house in accordance with Georgia law. Thus, even if plaintiff admitted the home mortgage debt's legitimacy, the intricacies of judicial foreclosure law may still stand in the way.

Moreover, plaintiff rather persuasively argues that some discovery is necessary for the Court to rule on defendants' motion to dismiss and that some specific depositions should be taken before witnesses become unavailable or memories fade. (Doc. 24.) According to plaintiff, MERS purports to hold the deed to Ms. Freeman's house but does not hold the promissory note or any other evidence of ownership of the underlying debt obligation. (Doc. 20 at 7; doc. 10 at 4-5.) Plaintiff thus contends that MERS lacks standing to commence judicial foreclosure under Georgia law and needs discovery to fully factually develop the standing claim. (Doc. 10 at 4.) Too, the issue of Freeman's mental capacity to enter into the mortgage has been raised, but the only witnesses who can offer any evidence on that score are the closing attorney, Richard R. Harste, and Ms. Freeman's nurse. (Doc. 20 at 6.) Harste was the only first-hand witness to the closing and his "license to practice law was suspended for matters relating to his

responsibilities as a closing attorney." (*Id.*)

The Court is satisfied that at least some discovery is warranted. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (where no discovery is required and a motion to dismiss raises purely legal questions a stay may be warranted). Further, plaintiff may be prejudiced by staying it. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."). Accordingly, defendants' motion to stay discovery and certain pretrial deadlines is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, and after considering the motion to stay and the parties' Rule 26(f) report, the Court imposes the following deadlines in the above styled case:

| | |
|---|---:|
| COMMENCEMENT OF DISCOVERY | 01/28/2011 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by PLAINTIFF[1] | 03/28/2011 |

---

[1] The Court disfavors open-ended scheduling deadlines. Rather than running time from the date that the motion to dismiss is decided, the Court will delay the commencement of discovery for a short time and then grant the parties five months to complete discovery. The parties' request to delay initial disclosures is denied. (Doc. 16 at 1-2.)

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by DEFENDANT | 04/28/2011 |
| JOINT STATUS REPORT DUE | 05/16/2011 |
| CLOSE OF DISCOVERY | 06/28/2011 |
| LAST DAY FOR FILING CIVIL MOTIONS **EXCLUDING MOTIONS IN LIMINE** | 07/28/2011 |

Motions *in limine* shall be filed no later than 5 days prior to the pre-trial conference. The parties are further advised that all motions, other than summary judgment motions and motions to dismiss, shall be accompanied with a proposed order.

**SO ORDERED** this  29th  day of December, 2010.

/s/ JRSmith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA