# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

PATRICIA GORDON as Executrix )
Of the Estate of Louise R. Freeman, )
)
    Plaintiff, )
)
v. ) Case No. CV410-228
)
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC. as )
Nominee for HSBC BANK, USA, National )
Association, as Trustee, by Litton Loan )
Servicing LP, and LITTON LOAN )
SERVICING LP )
)
    Defendants. )

## **O R D E R**

Plaintiff has filed a Fed. R. Civ. P. 45(c)(3) motion to quash[1] subpoenas that defendants issued to West Gwinnett, LLC, J. Scott Vaughan, Esq., C. James McCallar, Jr., Esq., and Capital Advantage

---

[1] In the alternative, plaintiff seeks a protective order under Fed. R. Civ. P. 26(c). (Doc. 29 at 1.) That request is **DENIED**, since she has not included a "certification that [she] has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action," as required by Fed. R. Civ. P. 26(c). This Court's local rules remind counsel "that Fed. R. Civ. P. 26(c) . . . require[s] a party seeking a protective order . . . to certify that a good faith effort has been made to resolve the dispute before coming to court." S.D. Ga. LR 26.5.

Finance and Development, Inc.[2] (Doc. 29.) At the outset, the Court must determine if plaintiff has standing to contest the subpoenas. "A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested. Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008).

Here, plaintiff is not the person from whom the information is sought. Hence, she must show some right or privilege allowing her to intercede in the matter. Plaintiff first claims that defendants seek irrelevant and duplicative information from West Gwinnett, LLC and Capital Advantage Finance and Development, Inc. (Doc. 29 at 2-4.) She has not suggested that she has any personal right or privilege as to the

---

[2] Plaintiff also seeks to quash a subpoena for Atlantic Bank. That subpoena, however, was issued under the authority of the United States District Court for the Northern District of Georgia. (Doc. 29-4 at 1.) According to Fed. R. Civ. P. 45(c)(3), a motion to quash must be made before the *issuing* court. A "motion to quash, under Rule 45(c)(3)(A), must be filed and decided in the court from which the subpoena issued." *Kearney for Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n. 4 (N.D. Ill. 1997); *see Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 162 F.R.D. 25, 28 (S.D.N.Y. 1995) (noting that Rule 45(c)(3) motions must be brought before the issuing court). Accordingly, plaintiff's motion as to Atlantic Bank is **DENIED**.

information sought through those subpoenas.[3] Accordingly, she lacks standing to contest them, and her motion to quash them is denied.

Next, plaintiff claims that some of the documents requested from Mr. Vaughan and Mr. McCallar are protected by the attorney-client privilege. (*Id.* at 4-5.) Based upon her representations, the Court is satisfied that she possesses standing to contest the Vaughan and

---

[3] Generally, a party may assert that she possesses a privacy interest as to her banking records. *United States v. Cimino*, 219 F.R.D. 695, 696 (N.D. Fla. 2003); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (same); *Catskill Dev., L.L.C. v. Park Place Entm't*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (same). Plaintiff has not directly asserted such an interest, however, but even if she had, her claim would still fail.

While "Fed. R. Civ. P. 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Transcor*, 212 F.R.D. at 591; *accord Cofield v. City of LaGrange, Ga.*, 913 F. Supp. 608, 614 (D.D.C. 1996) (federal courts have the authority to quash subpoenas that seek material that is clearly irrelevant). However, "[t]he relevancy threshold is not high: material sought need not be admissible at trial, but must be relevant to the subject matter of the litigation and reasonably calculated to lead to admissible evidence." *Cofield*, 913 F. Supp. at 614 (citing 9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459, at 45 (1995)); *accord United States v. Watchmakers of Switz. Info. Ctr. Inc.*, 27 F.R.D. 513, 515 (S.D.N.Y. 1961).

This suit is essentially about Louise R. Freeman's mental capacity to enter into a loan agreement in 2006. (Doc. 29 at 4.) Defendants seek information concerning other loans made to Freeman shortly before and after the loan in question. They want to use that information to undercut plaintiff's claim that she lacked the capacity to enter into this particular loan. (Doc. 32 at 9-10, 14-15.) Such material is relevant to the defense. And plaintiff has not shown that the information is not duplicative. While some of the documents sought may be in the public record, as plaintiff suggests (doc. 29 at 4), there certainly are other documents in the banks' records that are not part of the public record.

3

McCallar subpoenas. Nevertheless, she has not shown that any of the documents sought are subject to the privilege or are protected as attorney work product. Her blanket assertion of privilege is not enough. A party asserting such a protection must not only claim it expressly but must demonstrate that each essential element of the protection is present with respect to the specific communication or document whose disclosure is sought. "That burden is not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed." *In re Bonanno*, 344 F.2d 830, 833 (2nd Cir. 1965).

The Court should not have to guess or speculate about the applicability of such a protection, for the party asserting it has the affirmative duty to demonstrate that it applies to each document or communication sought to be disclosed. *See United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. 1981) (noting that a failure to demonstrate how a specific document comes within the ambit of the attorney-client privilege could be fatal to the party asserting the privilege). Here, the Court is faced with blanket assertions that the

information sought might be protected. Plaintiff has not supplemented the record with any further specifics that will allow the Court to make an intelligent and independent assessment of whether the protections are properly asserted.[4] Accordingly, plaintiff's objection on that ground fails, and her motion to quash as to Vaughan and McCallar is denied.[5]

For all of the reasons explained above, plaintiff's motion to quash, or in the alternative obtain a protective order (doc. 29), is **DENIED**.

**SO ORDERED** this 16th day of June, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] In any event, the attorneys will certainly be permitted to testify as to Freeman's capacity at the time she entered the contracts. While certain documents may or may not be subject to the privilege, it does not apply to testimony regarding Freeman's mental competency at the time she signed the loan paperwork. *E.g.*, *Smith v. Smith*, 222 Ga. 694, 699-700 (1966).

[5] While defendants have won the day on independent grounds, the Court notes that it rejects their untimeliness argument. (Doc. 32 at 6-8.) Defendants contend that the motion should have been filed within 14 days of the subpoenas' service dates. (*Id.*) As explained in *Shaaf v. SmithKline Beecham Corp.*, 2006 WL 2246146 at *1-2 (M.D. Fla. Aug. 4, 2006), however, Rule 45 does not set forth an explicit time period for movant to file a motion to quash -- it merely says that the motion must be "timely." *Id.* The fourteen day objection period from Fed. R. Civ. P. 45(c)(2)(B) applies only to objections entered *by a person commanded to produce information*, not to a party moving to quash such a subpoena. Since the motion here was filed before the subpoena due dates, the Court is satisfied that they were timely.